## M. Dupuis Co. v. Jane S. Cobb.

### Gen. No. 11,230.

1.  JUDGMENT—*what essential to review.*  It is essential that the bill of exceptions should show objection made and exception taken to the finding and judgment of the trial court, in order that a review of such finding and judgment may be had on appeal, and the omission of such an objection and exception is not supplied by other recitals in the common law record.

Action of assumpsit.    Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding.    Heard in this court at the March term, 1903.    Affirmed.    Opinion filed March 31, 1904.

W. D. MUNHALL, for appellant.

CHARLES DANIELS and SUMNER C. PALMER, for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

This is a suit in assumpsit by appellee against appellant. The case was submitted to the court without a jury.    The court found for appellee and fixed her damages at $610. Judgment was entered upon the finding, to reverse which this appeal is prosecuted.

It is admitted that Modiste Dupuis, at the time of these transactions, was the general manager and the treasurer of appellant.

Appellee put in evidence her four checks amounting in all to $610.    Three of these checks, for the respective sums of $100, $25 and $385, were drawn to the order of appellant and by it indorsed.    The fourth check ran to the

order of and was indorsed by Modiste Dupuis. Each of these checks bears the " paid " stamp of the bank upon which it is drawn, and was returned to appellee after having been charged to her account. · Appellee swears that in each instance the money was borrowed by Modiste Dupuis for the use of appellant.

The bill of exceptions does not show that an objection was made, nor that an exception was taken to the finding and judgment of the trial court. Where the bill of exceptions fails to set forth these essential things, appellant is not aided by their recital in the common law record. James v. Dexter, 113 Ill. 656. The act of the clerk in so certifying is extra-official. The power to thus certify is in the presiding judge, and is not in the clerk. The People v. C. & N. W. Ry. Co., 200 Ill. 290. As no error is alleged to exist in the common law record, and the bill of exceptions contains neither objection nor exception to the finding and judgment of the trial court, we cannot consider the errors here assigned. Notwithstanding this we have examined the evidence, and are thereby convinced that substantial justice has been done in this case. Had we the power, we would not disturb the finding.

The judgment of the Circuit Court is affirmed.

*Affirmed.*